IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEVIN JOSEPH CARPINO, <br> TDCJ #02082986, <br><br> Petitioner, <br><br> v. <br><br> LORIE DAVIS, Director, <br> Texas Department of Criminal <br> Justice - Correctional <br> Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § § | CIVIL ACTION NO. H-19-2474 |

**MEMORANDUM OPINION AND ORDER**

Kevin Joseph Carpino (TDCJ #02082986) has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody ("Petition") (Docket Entry No. 1), challenging an adverse decision by the Texas Board of Pardons and Paroles regarding his eligibility for early release from prison. After considering all of the pleadings as required by Rule 4 of the Rules Governing Section 2254 Cases, the court will dismiss this action without prejudice for the reasons explained below.

**I. Background**

In 2015, Carpino received a ten-year prison sentence from the 19th District Court of McClennan County, Texas, following his conviction on charges of theft and possession of a controlled

substance.[1] Carpino does not challenge the validity of his underlying convictions here.[2] Instead, he challenges an adverse decision by the Texas Board of Pardons and Paroles (the "Parole Board"), which determined that he was not a suitable candidate for early release on the form of parole known as mandatory supervision.

Texas law defines parole to mean "the discretionary and conditional release of an eligible inmate sentenced to the [Texas Department of Criminal Justice - Correctional Institutions Division] so that the inmate may serve the remainder of the inmate's sentence under the supervision of the pardons and paroles division." Tex. Gov't Code § 508.001(6). Similarly, mandatory supervision is defined to entail "the release of an eligible inmate so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." Tex. Gov't Code § 508.001(5). An inmate's release to mandatory supervision may be required when the "actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." Id. at § 508.147(a). However, an inmate may not be released to mandatory

---

[1]Petition, Docket Entry No. 1, pp. 2-3. For purposes of identification, all page numbers refer to the pagination imprinted by the court's electronic filing system, CM/ECF.

[2]Public records reflect that Carpino also has numerous other previous convictions for theft, burglary of a habitation, forgery, and possession of a controlled substance from Dallas, Eastland, and Travis Counties. See TDCJ Offender Information, available at: https://offender.tdcu.texas.gov (last visited July 16, 2019).

supervision if he been convicted of an offense enumerated in Texas Government Code § 508.149(a) or if the Parole Board determines in its discretion that: "(1) the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation; and (2) the inmate's release would endanger the public." Id. at § 508.149(b).

Carpino provides a Notice of Parole Panel Decision showing that the Parole Board denied him release on mandatory supervision on June 6, 2019, for the reasons that are listed in § 508.149(b), finding that Carpino's record reflects that his accrued good conduct time is not an accurate reflection of his potential for rehabilitation and that his release would endanger the public.[3] The Parole Board also found that release was not warranted because: (1) the record indicates that he has repeatedly committed criminal episodes that indicate a predisposition to commit criminal acts upon release; (2) the record indicates excessive substance use involvement; and (3) the record indicates unsuccessful periods of supervision on previous probation, parole, or mandatory supervision that resulted in incarceration.[4]

In a federal habeas Petition that is dated July 4, 2019,[5] Carpino now seeks relief from the Parole Board's decision under 28

---

[3]Exhibit A, Notice of Parole Panel Decision, Docket Entry No. 1, p. 11.

[4]Id.

[5]Petition, Docket Entry No. 1, p. 10.

U.S.C. § 2254. Carpino maintains that he is entitled to relief for the following reasons: (1) the Parole Board denied him due process and equal protection of the law because its decision was arbitrary, capricious, and based on "erroneous information"; (2) by denying him early release, the Parole Board effectively revoked previously earned good-time and work-time credits without due process; (3) the Parole Board's procedures are unconstitutional because he was not afforded the opportunity to be heard in person or present witnesses and evidence showing that his release would not endanger the public; and (4) the Parole Board's "abuse of unfettered discretion" deprived him of early release without a "full, fair, and impartial hearing" in violation of due process and equal protection.[6] Carpino concedes that he has not attempted to raise his claims in state court, but argues that it would be "futile" to try because there is no state corrective process available.[7] The threshold issue is whether he may proceed on federal habeas review without exhausting state court remedies on his proposed constitutional claims.

## II. Standard of Review

A federal court may not grant habeas corpus relief under 28 U.S.C. § 2254 unless the petitioner "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A);

---

[6]Id. at 6-7.

[7]Id. at 8.

Fisher v. Texas, 169 F.3d 295, 302 (5th Cir. 1999). To satisfy this requirement "the petitioner must afford the state court a 'fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim.'" Bagwell v. Dretke, 372 F.3d 748, 755 (5th Cir. 2004) (quoting Anderson v. Harless, 103 S. Ct. 276, 277 (1982)). This means that a petitioner must present his claims in a procedurally proper manner to the highest court of criminal jurisdiction in the state, which in Texas is the Texas Court of Criminal Appeals. See O'Sullivan v. Boerckel, 119 S. Ct. 1728, 1731-34 (1999); Richardson v. Procunier, 762 F.2d 429, 432 (5th Cir. 1985).

In Texas, a prisoner may exhaust state court remedies by pursuing the following paths: (1) the petitioner may file a direct appeal from a judgment of conviction followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals; and/or (2) he may file a post-conviction application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary. See Tex. Code Crim. Proc. art. 11.07 § 3(c). Thus, Texas prisoners typically "must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings." Busby v. Dretke, 359 F.3d 708, 723 (5th Cir. 2004).

The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Moore v. Quarterman, 454 F.3d 484, 490-91 (5th Cir. 2006) (citations and internal quotations marks omitted). Exceptions exist only where there is "an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B).

### III. Discussion

In support of Carpino's contention that he need not attempt to exhaust state court remedies, Carpino notes that he was denied early release on mandatory supervision for the reasons outlined in § 508.149(b) of the Texas Government Code because the Parole Board determined that his accrued good conduct time was not an accurate reflection of his potential for rehabilitation and that his release would endanger the public.[8] Carpino contends that exhaustion would be "futile" because § 508.149(d) of the Texas Government Code states that there is "no administrative or judicial review" available for a parole panel's decision to deny mandatory supervision for reasons outlined in § 508.149(b).[9] This argument

---

[8]Exhibit A, Notice of Parole Panel Decision, Docket Entry No. 1, p. 11.

[9]Petition, Docket Entry No. 1, p. 8.

has been rejected in cases such as this one, however, where the petitioner raises constitutional claims that challenge the procedures used to determine eligibility for early release.

Carpino claims that the Parole Board's procedures are unconstitutional because he was not afforded an opportunity to be heard in violation of due process.[10] The Texas Court of Criminal Appeals has held that the state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure remains available to address claims regarding the process or procedures followed by the Parole Board and any violation of constitutional or statutory rights in making the determination to deny release. See Ex parte Geiken, 28 S.W.3d 553, 556-57 (Tex. Crim. App. 2000) (addressing the reviewability of the Parole Board's decision to deny mandatory supervision in light of § 508.149(d)); see also, e.g., Ex parte Retzlaff, 135 S.W.3d 45 (Tex. Crim. App. 2004) (reviewing a due process challenge to the Parole Board's decision to deny release on mandatory supervision).

As a result of the decision in Geiken, federal district courts in Texas have consistently held that this state court remedy is available and must be exhausted before a petitioner seeks federal habeas review of constitutional due process claims stemming from the denial of release to mandatory supervision.[11] See Washington

---

[10]Petition, Docket Entry No. 1, pp. 6-7.

[11]The only claims that a petitioner can raise on federal habeas
(continued...)

v. Dretke, Civil No. H-06-1814, 2006 WL 1663387, at *1 (S.D. Tex. June 12, 2006) ("The exhaustion requirement applies to prisoners challenging a denial of release of mandatory supervision," citing Ex parte Geiken); Dean v. Board of Pardons and Parole, Civil No. 1:06-611, 2006 WL 3593480, at *2 (E.D. Tex. Dec. 8, 2006) (same); Hess v. Stephens, Civil No. 4:13-093, 2013 WL 3204373, at *1 (N.D. Tex. June 24, 2013) (noting that pursuant to Ex parte Geiken, "complaints regarding the 'process' and the denial of constitutional or statutory rights in consideration of release may be raised by way of writ of habeas corpus under article 11.07 [of the Texas Code of Criminal Procedure]"); Simiens v. Stephens, Civil No. A-14-368, 2014 WL 5808322, at *1 (W.D. Tex. Nov. 7, 2014) (dismissing as unexhausted a habeas petition challenging the Parole Board's refusal to release the petitioner on discretionary mandatory supervision); see also Borchers v. Davis, Civil No. H-19-1439 (S.D. Tex. May 30, 2019) (Docket Entry No. 3) (dismissing an unexhausted petition raising nearly identical claims).

Because state process remains available to review the

---

[11](...continued)
corpus review in this context concern constitutional violations of procedural due process. See, e.g., Boss v. Quarterman, 552 F.3d 425, 428-29 (5th Cir. 2008) (reviewing a due process challenge to procedures employed by the Parole Board in denying release to mandatory supervision). A petitioner cannot claim a constitutional violation based solely on his disagreement with the Parole Board's decision. See Courtney v. Dretke, Civil No. SA-04-0821, 2004 WL 2457860, at *2 (W.D. Tex. Oct. 29, 2004). Therefore, a petitioner may not use a federal habeas corpus petition to raise that type of challenge. See id.

constitutional claims and procedural deficiencies outlined in his Petition, Carpino does not show that he fits within a recognized exception to the exhaustion doctrine. Under these circumstances, comity requires this court to defer until the Texas Court of Criminal Appeals has considered the merits of the petitioner's constitutional claims and the exhaustion requirement is satisfied. See Picard v. Connor, 92 S. Ct. 509, 512 (1971). Therefore, the pending federal habeas Petition must be dismissed for lack of exhaustion. See Castille v. Peoples, 109 S. Ct. 1056, 1059 (1989) (A petition under 28 U.S.C. § 2254 "must be dismissed if state remedies have not been exhausted as to any of the federal claims.")(citing Rose v. Lundy, 102 S. Ct. 1198 (1982)).

## IV. **Certificate of Appealability**

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to show that "jurists of reason could disagree with the [reviewing] court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Buck v. Davis, 137 S. Ct. 759, 773 (2017) (citation and internal quotation marks omitted). Where denial of

relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000). Because reasonable jurists would not debate that the petitioner has not yet exhausted available state court remedies, a certificate of appealability will not issue.

### V. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Petition for a Writ of Habeas Corpus by a Person in State Custody filed by Kevin Joseph Carpino (Docket Entry No. 1) is **DISMISSED without prejudice** for lack of exhaustion.

2. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the petitioner.

**SIGNED** at Houston, Texas, on this the 16th day of July, 2019.

SIM LAKE
UNITED STATES DISTRICT JUDGE